**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

2:26-cv-04860-DCN-MHC

**ERICA T. FLUDD,**
Plaintiff,

v.

**SOUTH CAROLINA DEPARTMENT OF CHILDREN'S ADVOCACY,**
Defendant.

Civil Action No.: 436-2025-02049__________

**COMPLAINT FOR EMPLOYMENT DISCRIMINATION AND RETALIATION**

JURY TRIAL DEMANDED

2025 OCT 14 PM12:31
RCVD - USDC - CHAS, SC

## COMPLAINT

Plaintiff Erica T. Fludd, proceeding pro se, brings this action against Defendant South Carolina Department of Children's Advocacy under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., for race/color discrimination in promotion and retaliation, and alleges as follows:

## I. PARTIES

1. Plaintiff Erica T. Fludd is an African American woman and a resident of Berkeley County, South Carolina. Plaintiff was born September 24, 1979 and was over age forty during the events described below.

2. Plaintiff began employment with the South Carolina Guardian ad Litem Program in January 2015 and served for more than ten years in child-advocacy, case-management, supervisory, volunteer-support, court, and program-related roles. Her most recent position was Guardian ad Litem Advocate / Supervisor in Berkeley County.

3. Defendant South Carolina Department of Children's Advocacy ("DCA") is an independent agency of the State of South Carolina. Its principal office is 1205 Pendleton Street, Suite 471, Columbia, South Carolina 29201. DCA operates the South Carolina Guardian ad Litem Program.

## II. JURISDICTION AND VENUE

4. This action arises under Title VII, including 42 U.S.C. §§ 2000e-2 and 2000e-3. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 and jurisdiction under 28 U.S.C. § 1343.

5. Venue is proper in the District of South Carolina under 42 U.S.C. § 2000e-5(f)(3) because the alleged unlawful employment practices occurred in South Carolina, the position at issue was the Orangeburg County Director position, and relevant employment records were maintained and administered within this District.

## III. ADMINISTRATIVE EXHAUSTION

6. Plaintiff pursued administrative remedies concerning discrimination and retaliation. Her EEOC matter is Erica T. Fludd v. Department of Child Advocacy, Charge No. 436-2025-02049.

7. On July 16, 2026, the EEOC issued a Determination and Notice of Rights notifying Plaintiff of her right to file suit within ninety days of receipt of the Notice.

8. Plaintiff received the EEOC Determination and Notice of Rights on July 16, 2026. This action is intended to be filed within the applicable ninety-day period. A copy of the Notice is attached as Exhibit A.

## IV. FACTUAL ALLEGATIONS

9. Plaintiff performed her duties for DCA for more than ten years and had substantial experience with the Guardian ad Litem Program, child advocacy, court proceedings, volunteer supervision and support, case management, community collaboration, and program operations.

10. On or about April 17, 2025, Plaintiff applied for County Director (Orangeburg), Position No. 61069978, and met the stated qualifications. On June 4, 2025, DCA notified Plaintiff that another candidate had been selected.

11. Upon information and belief, the selected person was Kayley Rourke, a White candidate who was younger than Plaintiff. Plaintiff alleges that the selected candidate had less relevant experience and fewer qualifications for the County Director role.

12. Plaintiff further alleges that she learned the selected candidate had received training or preparation for the County Director role before the position was formally filled, causing Plaintiff to question whether the process had been fair and open.

13. Plaintiff complained to management and Human Resources about the hiring process and the differential treatment she believed she experienced. DCA later acknowledged that Human Resources received Plaintiff's concerns regarding the Orangeburg County Director interview process on June 12, 2025.

14. Plaintiff requested information comparing her tenure, experience, education, and qualifications with those of the selected candidate. Plaintiff alleges she was not provided a meaningful explanation showing that the selection was based on superior qualifications.

15. DCA later identified Plaintiff's outside employment as relevant to the promotion decision. Plaintiff alleges that she had disclosed that employment in approximately 2016 to Regional Director Charlene Gadsden and the prior Program Director and understood the matter had been reviewed and resolved. Before the 2025 promotion decision, Plaintiff alleges she was not advised that the outside employment would bar advancement or given an opportunity to discontinue it in order to be considered.

16. After Plaintiff raised concerns about the promotion process and discrimination, the outside-employment issue became the subject of repeated pressure and scrutiny. On June 27, 2025, while on approved sick leave, Plaintiff participated in an Employee Relations/Human Resources discussion in which she was again asked about that employment and her request for a detailed qualifications comparison was denied.

17. During or following the June 27, 2025 discussion, Plaintiff submitted written notice of resignation with an intended effective date of July 31, 2025 so she could attend scheduled court matters, update case files, and provide an orderly transition.

18. Despite the July 31 effective date stated in Plaintiff's resignation, DCA treated her employment as ending on or about June 27-28, 2025. Her access to DCA computer systems and work-issued telephone was restricted or discontinued by approximately June 30, preventing the orderly completion and transfer of her case responsibilities.

19. Plaintiff alleges that the accelerated separation and access restrictions occurred shortly after she complained about discrimination and were retaliatory.

20. On July 8, 2025, Human Resources informed Plaintiff that its internal investigation did not substantiate an unfair hiring and selection process. Plaintiff disputes that conclusion and alleges that the stated explanations do not account for her qualifications, comparator evidence, alleged advance preparation of the successful candidate, and prior disclosure of her outside employment.

21. As a result of the alleged discriminatory and retaliatory actions, Plaintiff suffered lost wages and benefits, loss of promotional opportunity and compensation, out-of-pocket and career-related losses, emotional distress, and harm to her professional interests.

## COUNT I
## TITLE VII - RACE/COLOR DISCRIMINATION AND FAILURE TO PROMOTE

22. Plaintiff incorporates paragraphs 1 through 21 as if fully stated here.

23. Plaintiff is protected by Title VII based on race and color, applied for and was qualified for the Orangeburg County Director position, and was not selected.

24. The position was awarded to a White candidate whom Plaintiff alleges was younger and less experienced for the role.

25. Plaintiff alleges that the comparator's qualifications, alleged advance preparation of the successful candidate, and later reliance on previously disclosed outside employment support an inference that race and/or color was a motivating factor in the failure to promote her.

26. As a direct and proximate result, Plaintiff suffered loss of compensation, benefits, promotional opportunity, and other damages recoverable under Title VII.

## COUNT II
## TITLE VII - RETALIATION

27. Plaintiff incorporates paragraphs 1 through 26 as if fully stated here.

28. Plaintiff engaged in protected activity when she complained to management and Human Resources that she believed the promotion process and her treatment were discriminatory on protected grounds and sought review of the selection decision.

29. DCA knew of Plaintiff's complaints and Human Resources investigated her concerns.

30. After Plaintiff raised those concerns, Plaintiff alleges that DCA increased pressure and scrutiny concerning her previously disclosed outside employment and then ended her employment relationship and system access before the effective date stated in her resignation.

31. The timing and sequence of events support Plaintiff's allegation that the challenged actions were taken in retaliation for protected activity.

32. As a direct and proximate result, Plaintiff suffered loss of wages and benefits, out-of-pocket and career-related losses, emotional distress, and other damages recoverable under Title VII.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment in her favor and the following relief:

A. A declaration that Defendant violated Title VII;

B. Back pay and lost employment benefits in an amount to be proven, including losses associated with the denied promotion and premature end of Plaintiff's employment;

C. Appropriate equitable relief, including instatement, reinstatement, or front pay in lieu of such relief, as the Court determines appropriate;

D. Compensatory damages for pecuniary and nonpecuniary losses to the extent permitted by Title VII;

E. Prejudgment and post-judgment interest as allowed by law;

F. Taxable costs and other recoverable litigation expenses; and

G. Such other legal or equitable relief as the Court deems just and proper.

## VI. JURY DEMAND

33. Plaintiff demands a trial by jury on all issues so triable.

*Respectfully submitted,*

Erica Fludd

Erica T. Fludd, Plaintiff Pro Se
544 Pleasant Side Dr.
Moncks Corner, SC 29461
Telephone: (843) 452-3185
Email: ericafludd@yahoo.com
Date: October 14, 2024